IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CRE Latitude TIC Owner LLC, | No. CV-23-02245-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Darrell Muhammad El, et al., | |
| Defendants. | |

This action was removed by Defendant from the Moon Valley Justice Court. Defendant is self-represented, and his Notice of Removal is handwritten.

Federal courts are courts of limited jurisdiction. The District Court has an independent obligation to assess jurisdiction in every case. To invoke the jurisdiction of the federal courts, the complaint must assert an issue arising under federal law *or* there must be complete diversity of the parties.

When an action is removed from state court, the notice of removal must demonstrate the jurisdictional requirements and comply with the procedure for removal. *See* 28 U.S.C. §§ 1441, 1446. Among other things, the notice of removal must "contain[] a short and plain statement of the grounds for removal . . . ." *Id*. § 1446(a).

Defendant's Notice of Removal does not indicate the grounds for removal, i.e., the basis for this Court's subject matter jurisdiction. It is not the Court's obligation to scour the record to determine if federal subject matter jurisdiction exists. After reviewing Defendant's filing, the Court cannot determine the basis for federal jurisdiction.

1       The Court therefore finds that subject matter jurisdiction does not exist and that this case must be remanded.

      Defendant seeks leave to proceed In Forma Pauperis. The Court will deny leave and dismiss this action *sua sponte* because the Notice of Removal is frivolous on its face; it is "premised on meritless legal theories" and "clearly lack[s] any factual basis." *Stotts v. Salas*, 938 F. Supp. 663, 666 (D. Haw. 1996) (citing *Denton v. Hernandez*, 504 U.S. 25, 26–27 (1992)); *see also* 28 U.S.C. § 1915(e)(2).

**IT IS ORDERED:**

1. This case is **dismissed** for lack of subject matter jurisdiction.

2. The Application for Leave to Proceed In Forma Pauperis (Doc. 2) is denied as moot.

3. The Clerk of Court must remand this case to the Moon Valley Justice Court.

4. The Clerk of Court must close this case.

Dated this 31st day of October 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 2 -